187 So. 474

### EUBANKS v. HOME OWNERS LOAN CORPORATION.

6 Div. 362.

Supreme Court of Alabama.

Feb. 9, 1939.

Rehearing Denied March 30, 1939.

H. M. Powell, of Birmingham, for appellant.

H. M. Abercrombie, of Birmingham, for appellee.

KNIGHT, Justice.

This appeal presents for review here the propriety of the ruling of the circuit court in dismissing the appeal prosecuted by appellant from a judgment of the Intermediate Civil Court of Birmingham in an action of unlawful detainer.

It appears that the Home Owners Loan Corporation brought an action of unlawful detainer against the appellant, in the Intermediate Civil Court of Birmingham, to recover possession of certain described real estate, locally known as No. 72 Beach Street, in Birmingham, Alabama. The Intermediate Civil Court rendered judgment for the plaintiff, and from this judgment the defendant—appellant—prosecuted an appeal to the circuit court, filing in the cause two bonds, one an ordinary appeal bond and the other a supersedeas bond to suspend the issuance of a writ of restitution.

In the circuit court the plaintiff, Home Owners Loan Corporation, filed a timely motion to dismiss the appeal upon the ground, inter alia, that the security on the appeal bond was insufficient. This motion was set down for hearing on a named date, and the record shows that on the day so set for the hearing of said motion both parties were present. Upon this hearing the court determined that the bonds were insufficient, and ordered the defendant in the judgment "to file a sufficient appeal and supersedeas bond within five days, such bonds to be approved by the clerk of this court." This order was made and entered in open court, both parties being present or represented.

The defendant in the judgment failed to comply with this order within the prescribed time, and the court on the 16th day of May entered the following order in said cause:

"On this the 16th day of May, 1938, came the parties by their attorneys, and it appearing to the court that defendant has failed to file a sufficient appeal and

supersedeas bond as required by order of court of May 9, 1938, whereupon, upon motion,

"It is ordered and adjudged by the court that the appeal of this cause to this court be and the same is hereby dismissed from this court, and that the defendant and L. S. O'Barr and S. J. O'Barr, sureties on appeal bond, be taxed with all costs herein accrued in this court for which execution may issue.

"It is further ordered and adjudged by the court that Procedendo issue to the Intermediate Civil Court of Birmingham."

Section 8783 of the Code provides: "Whenever it is made to appear to the appellate court that the appeal or certiorari is defective, or the security is insufficient, such court may require a new bond, or new additional sureties, within such time as the court may prescribe; and if not given, the court may dismiss the suit or the appeal, or render judgment, as the circumstances may require; but no appeal or certiorari must be dismissed for any defect in such bond, if the party is willing to execute a sufficient bond."

It thus appears that the circuit court was within its powers in dismissing the appeal. Here the court did not dismiss the appeal until after it had given the appealing defendant an opportunity to give a new appeal bond, and not until after the defendant had failed to comply with the order within the time allowed and fixed by the court.

It follows, therefore, that the judgment of the circuit court must be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.